Matthew J. Jasen, J.
Defendant was charged by an information of violating subdivision 2 of section 483 of the Penal Law on the complaint of a minor aged 14.
He was tried in the City Court of Buffalo without a jury and convicted, from which judgment of conviction he appeals.
The question presented is whether the defendant was prejudiced in his defense by the action of the District Attorney in offering proof of variance during the course of the trial as to the date of the alleged commission of the crime.
The defendant concedes that the trial court has the power to amend an information, before or during the course of a trial, even though the amendment may affect a matter of substance, provided the defendant is not thereby prejudiced.
Therefore, the only question before the court is whether or not the defendant was in fact prejudiced in his defense.
*57 The court has carefully read the voluminous 272-page record of testimony in this trial and found that the defendant’s counsel objected to testimony being offered by the District Attorney during the course of the trial; that the alleged offense was committed on the 11th day of June, 1957 instead of the 17th day of June, 1957 as stated in the information. Defense counsel objected, claiming surprise. The trial court considered the objection and overruled same, permitting the testimony to be presented.
Nowhere in the record does defense counsel request an adjournment for the purpose of preparing a defense as to the amended date of the alleged commission of said crime.
Upon a claim of surprise by defendant, he must make application for an adjournment. In the event such application is made and same is denied by the court, the denial of such adjournment would deprive the defendant of a substantial right. This the defendant did not do, but instead, merely took an exception to the court’s rule and continued his defense. The record does not disclose that the trial court failed to accede to any reasonable request of the defendant. Therefore, the plea of “ surprise ” cannot be considered as a basis for a new trial.
Judgment of conviction affirmed.